IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TALLGRASS PONY EXPRESS PIPELINE, LLC**, a Delaware Limited Liability Company;<br><br>      Plaintiff,<br><br>   vs.<br><br>**COUNTY OF KIMBALL, NEBRASKA**, a Political Subdivision of the State of Nebraska; **THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF KIMBALL, NEBRASKA, SHEILA NEWELL**, in her official capacity as the Zoning Administrator for the County of Kimball, Nebraska;<br><br>      Defendants. | 7:14CV05000<br><br>TEMPORARY RESTRAINING ORDER |

    This matter is before the Court on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 3). An initial hearing was held February 14, 2014. Stephen M. Bruckner and Russell A. Westerhold appeared for the Plaintiff. Plaintiff's attorney filed a certificate of service, describing its efforts to provide notice to Defendants. Defendants did not appear. For the reasons discussed below, the Motion will be granted in part.

### STANDARD

    Courts in the Eighth Circuit apply the factors set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), when determining whether to issue a temporary restraining order. See *S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (approving the use of *Dataphase* factors for analyzing a TRO motion). Those factors are: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that

granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase*, 640 F.2d at 114. "No single factor is determinative." *WWP, Inc. v. Wounded Warriors, Inc.*, 566 F. Supp. 2d 970, 974 (D. Neb. 2008). The movant bears the burden of establishing the propriety of the TRO. See *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011).

**DISCUSSION**

Tallgrass demonstrated through the evidence filed in support of its Motion that it has suffered and will suffer economic damages as a result of the Defendants' enforcement of its zoning regulations. Tallgrass has demonstrated that this harm is irreparable for several reasons, including that Tallgrass may not be able to legally recover its economic losses. In balancing the hardships, Tallgrass has stated that it plans to perform minimal preparatory work in the next few days, and that the harm to the Defendants would be minimal until both sides can be heard on the Motion for Temporary Restraining Order. Based on the analysis of the *Dataphase* factors as applied to the evidence submitted by Tallgrass, the Court finds that a temporary restraining order should issue to allow for the continued initial construction of the Tallgrass Pump Station, pending further hearing and order of the Court as provided below.

IT IS ORDERED

1. The Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 3) is granted in part, as follows:

Pending further hearing and order of the Court, Defendants, and any person or entities acting in concert with or on behalf of Defendants, including any officer, agent, employee or representative of Defendants, are enjoined and restrained from taking any actions to stop, delay, or interfere with the initial construction work underway with respect to the Tallgrass Pump Station;

2. A further hearing on Plaintiff's Motion for Temporary Restraining Order ([Filing No. 3](#)) shall commence on Tuesday, February 18, 2014, at 1:30 P.M. before the undersigned in Courtroom No. 3, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. Defendants and their counsel shall appear and be heard with respect to this matter.  Counsel for Plaintiff shall give immediate notice of said hearing to Defendants and their counsel via telephone and electronic mail.

3. This Temporary Restraining Order is issued on this 14th day of February, 2014, at 4:30 p.m., and expires on the 28th day of February, 2014, at 4:30 p.m., unless extended or dissolved by further Order of this Court.

4. Plaintiff is instructed to effect service of this Temporary Restraining Order upon Defendants pursuant to [Fed. R. Civ. P. 65(d)(2)](#).

5. Bond is set in the amount of $100, which Plaintiff will remit to the Clerk of Court to be paid to Defendants, in whole or part, in the event that Defendants are found to have been wrongfully enjoined.

Dated this 14th day of February, 2014.

                                                  BY THE COURT:

                                                  s/ Joseph F. Bataillon
                                                  United States District Judge